THE STATE OF KANSAS V. DAVID SIMMONS.

No. 15,890.    (98 Pac. 277.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Testimony of Accused Given at a Former Trial Admissible.* Where a defendant on trial on a charge of felony voluntarily goes upon the witness-stand and testifies in reference to his connection with the offense charged and the circumstances connected therewith, and after judgment procures a new trial, his evidence, properly identified and reduced to writing by a stenographer at the first trial, may be introduced in evidence by the state upon the second trial.

2. —————— *Privilege of Accused—Waiver.* In such case, if the accused waives his privilege and takes the witness-stand in his own behalf at any stage of the prosecution, he waives it for every subsequent stage.

3. —————— *Absence of a Witness—Testimony Given at a Former Trial.* The state may use the evidence of a witness upon the second trial of a felony when the evidence given by the witness on the first trial was reduced to writing and properly identified and at the time of the second trial the witness was dead or was not within the boundaries of the state.

4. —————— *Conduct of Prosecuting Attorney in Argument—Discretion of the Court.* The extent to which a prosecuting attorney may go in his closing argument in illustrating before the jury what he claims the evidence proves, by placing other persons or himself in certain positions, is a matter within the discretion of the court, and, unless it is shown that such discretion was abused and that the defendant was prejudiced by an illustration not justified by any evidence in the case, error will not be predicated upon the ruling of the court allowing the same.

Appeal from Geary district court; OSCAR L. MOORE, judge. Opinion filed November 7, 1908. Affirmed.

*Fred S. Jackson*, attorney-general, and *W. S. Roark*, county attorney, for The State.

*John E. Hessin*, for appellant.

The opinion of the court was delivered by

SMITH, J.: This case has been in this court before. (*The State v. Simmons,* 74 Kan. 799, 88 Pac. 57.) The defendant was convicted of the crime of murder in the second degree, and a new trial was awarded in this court. On the second trail he was convicted of manslaughter in the second degree, and again appeals. He makes numerous assignments of error. With three exceptions all of the material questions raised were considered on the former hearing, and, inferentially at least, were decided adversely to the appellant. Although each question has been reconsidered, we are satisfied with the former decision thereon and we shall not burden this opinion by discussing them in detail.

The defendant voluntarily took the witness-stand in his own behalf and was cross-examined at the first trial. His evidence was written by a stenographer, and after it was duly identified was offered by the state in the second trial. The defendant by his counsel suggested to the court that the defendant was present, that under the provisions of the constitution he could not be compelled to give evidence against himself, and that the reading of his testimony would be equivalent to compelling him to testify. The defendant was not requested again to take the witness-stand, but his objection to the reading of his former testimony was overruled. It is said in volume 1 of Thompson on Trials, section 647:

"If the accused waives his privilege and takes the witness-stand in his own behalf, at any stage of the prosecution, he waives it for every subsequent stage."

This court has four times passed upon the question involved. (*The State v. Sorter,* 52 Kan. 531, 34 Pac. 1036; *The State v. Miller,* 35 Kan. 328, 10 Pac. 865; *The State v. Taylor,* 36 Kan. 329, 13 Pac. 550; *The State v. Nelson,* 68 Kan. 566, 75 Pac. 505.)

It is urged that the court erred in allowing the evidence of a witness, Bertha Parker, given on the former trial and taken by the stenographer and duly identified, to be read in evidence after the witness had been shown to have removed from the state of Kansas. In the syllabus of the case of *Mattox v. United States,* 156 U. S. 237, as reported in 15 Sup. Ct. 337, 39 L. Ed. 409, it was said:

"Where a witness for the government in a murder case dies after the first trial, the reading in evidence on the second trial of a transcribed copy of the reporter's stenographic notes of his testimony is not inhibited by the constitutional provision that the accused shall 'be confronted with the witnesses against him.' "

The defendant had been confronted with the witness, and had had the opportunity of cross-examining her, and to hold that at each successive trial the defendant must again be confronted with each witness would result frequently in the defeat of justice. The necessities of the case are the same where the witness at the time of the second trial is beyond the jurisdiction of the court as where he is dead. The state can neither produce him personally nor introduce his deposition, if it were taken. In the Mattox case, *supra,* authorities are cited from many states approving the rule both in the case of death and in the absence of the witness from the state.

The testimony of the defendant was to the effect that the deceased had him prostrate upon the ground and was about to inflict great injury upon him when he shot in self-defense. The theory of the state was that the positions of the persons were practically reversed; that the deceased was upon the ground and that the defendant was standing or leaning over him. In his argument the county attorney said to the jury:

"Now I want to show you how he killed this man. I think I know, and I am not using imagination, the imagination that Senator Hessin talked about. I am using a deduction such as I have a right to make."

He then called a deputy sheriff and caused him to lie

down upon the floor in front of the jury. He then proceeded to illustrate and to state how certain wounds were inflicted, and, holding an empty revolver in his hands, illustrated how certain shots were fired. His statements were in form positive, but were evidently qualified by the previous statement that he was using a deduction such as he had a right to make. Whether such illustrations are proper or not and tend to aid a jury in arriving at the truth is a matter resting in the sound discretion of the court. It is evident that they might sometimes elucidate the truth and at other times be made very misleading. Of this the trial court, having heard the evidence and seen the illustrations, is in a good position to determine, and we can not say that the discretion was abused in this case.

The judgment of the district court is affirmed.