No. 82,134

STATE OF KANSAS, *Appellant*, v. WALTER WILLIAM SCHULZE, *Appellee.*

(985 P.2d 1169)

Opinion filed July 9, 1999.

*Linus A. Thuston,* county attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellant.

*W. Shane Adamson,* of Law Offices of Edward W. Dosh, of Parsons, was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the State challenging the district court's order conditionally relieving defendant Walter Schulze from payment of restitution as a condition of probation.

Schulze pled guilty to aggravated battery, a violation of K.S.A. 21-3414(a)(1)(B), a level 7 person felony. Schulze and the victim

had a fight, and Schulze broke the victim's jaw. At the time of the plea, the amount of restitution was unknown. Restitution in an unknown amount was ordered, and Schulze was placed on 36 months' probation. Some 5 months later, restitution was determined to be $14,026.92. A year later Schulze filed a motion to modify restitution. The State opposed the motion. The uncontroverted evidence is that Schulze lives in an old farmhouse. He works two jobs and makes a total of $18,000 a year. He has a wife and three school-age children who reside with him and whom he supports. He has paid a total of $1,900 in restitution, having made a payment in some amount each month. His wife's job was terminated (her employer went out of business), and she has been unable to find another job. Schulze has no telephone because it was shut off by the telephone company for nonpayment in the amount of $480. He owes a propane bill in the amount of $900. He is unable to obtain propane on credit, so he heats the house with firewood, which he cuts. He is also behind on two car payments, which could put his jobs in jeopardy if his vehicle is repossessed.

The trial judge considered the above, plus other evidence and the recommendation of Schulze's probation officer, and released Schulze from the remainder of the restitution requirement with the caveat that "[s]hould the defendant's situation change and he comes into an unexpected revenue, or his income increases dramatically between now and the end of his regular probation, then I'll advise Ms. Minor and the Court will take another look at it."

The State appeals. In its three and one-half-page brief, the State appears to recognize there may be a jurisdictional problem. In a short five-sentence paragraph, the State claims jurisdiction based on an interlocutory appeal, illegal sentence or illegal modification of a sentence, and as a question reserved. This is not an interlocutory appeal.

The State's docketing statement contained in the flat file states that the statutory authority for this appeal is K.S.A. 22-3602(b). K.S.A. 22-3602(b) provides:

"Appeals to the supreme court may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:
    (1) From an order dismissing a complaint, information or indictment;

(2) from an order arresting judgment;

(3) upon a question reserved by the prosecution; or

(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime."

In *State v. Mountjoy*, 257 Kan. 163, 166, 891 P.2d 376 (1995), the court stated:

"The purpose of permitting the State to appeal a question reserved is to allow [the] prosecution to obtain review of an adverse legal ruling on an issue of state-wide interest important to the correct and uniform administration of the criminal law which otherwise would not be subject to appellate review. *State v. Ruff*, 252 Kan. 625, 629, 847 P.2d 1258 (1993). No formal procedural steps are required by K.S.A. 1994 Supp. 22-3602(b) to appeal on a question reserved. All that is necessary for the State to do to reserve a question for presentation on appeal to the Supreme Court is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken, laying the same foundation for appeal that a defendant is required to lay. *City of Overland Park v. Cunningham*, 253 Kan. 765, 766, 861 P.2d 1316 (1993)."

We hold the issue of whether a trial judge can modify probation by deleting or changing restitution and the procedure to follow is an issue of statewide interest important to the correct and uniform administration of the criminal law which otherwise would not be subject to appellate review.

The State claims that altering the duty to pay restitution at any time other than at revocation of community release is an illegal modification of sentence pursuant to K.S.A. 21-4610(d)(1) and K.S.A. 21-4603(d)(1). K.S.A. 21-4610 provides:

"(a) *Except as required by subsection (d), nothing in this section shall be construed to limit the authority of the court to impose or modify any general or specific conditions of probation,* suspension of sentence or assignment to a community correctional services program . . . .

. . . .

"(d) In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, the court shall order the defendant to comply with each of the following conditions:

(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, *unless the court finds compelling circumstances which would render a plan of restitution unworkable. If the court*

*finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor;*

. . . .

(3) reimburse the state general fund for all or a part of the expenditures by the state board of indigents' defense services to provide counsel and other defense services to the defendant. In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. *A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment."* (Emphasis supplied.)

We need not reach the illegal sentence issue. An appellate court has jurisdiction to review an order of restitution entered by a sentencing court. *State v. Beechum*, 251 Kan. 194, 202, 833 P.2d 988 (1992); see *State v. Hinckley*, 13 Kan. App. 2d 417, 777 P.2d 857 (1989). In *Beechum*, this court held we had no jurisdiction to review the prison sentence but did have jurisdiction to review the restitution issue. It follows that we would have jurisdiction to review a modification of restitution by the trial judge.

The State argues that the court relieved Schulze of his duty to pay restitution without finding that he had no ability to pay. However, the record shows the probation officer expressed her view that she did not see any way that Schulze could pay $12,000 without completely bankrupting himself and neglecting his family. The trial judge considered evidence of debts and income, as well as Schulze's good faith efforts to pay, and used his discretion when making the decision to waive the remaining restitution. Additionally, the trial judge found that Schulze was not attempting to evade restitution, because he had never missed a monthly payment, but that compelling financial circumstances existed which necessitated relief from the sizable bill. The trial judge specifically stated that he was granting the motion, based on the evidence.

In *State v. Buckner*, 223 Kan. 138, Syl. ¶ 6, 574 P.2d 918 (1977), the court stated that "[w]hen a sentence is fixed by the trial court, within permissible limits of the applicable statutes, the sentence is

not erroneous and in the absence of special circumstances showing an abuse of judicial discretion will not be disturbed on appeal." The *Buckner* court found the sentencing court had abused its discretion in sentencing the defendant to consecutive prison terms and noted:

" 'The discretion lodged within a court is not a boundless, but a judicial, discretion. It is a discretion limited to sound judgment to be exercised, not arbitrarily, but with regard to what is right and equitable under the circumstances and the law.' (*State v. Collins*, 195 Kan. 695, 700, 408 P.2d 639.)" 223 Kan. at 150.

In conclusion, judicial discretion was not exercised arbitrarily in this case. Rather, the trial judge provided specific reasons, after hearing testimony, for why he would make an exception and suspend restitution in this case. The State's argument that the judge did not make a finding that the restitution plan was "unworkable" is not persuasive. Although the trial judge did not use the term "unworkable" when he ruled to suspend restitution, he clearly considered Schulze's evidence of his financial difficulties when he found Schulze's circumstances were exceptional and by implication found the plan to be unworkable. The trial judge did not abuse his discretion in doing so.

Affirmed.