(20 P.3d 727)

No. 85,441

CITY OF LIBERAL, KANSAS, APPELLANT, v.
LATASHA WITHERSPOON, *Appellee.*

Opinion filed February 23, 2001.

*Kevin D. Weakley*, of Sharp, McQueen, McKinley, Dreiling & Tate, P.A., of Liberal, for appellant.

*Peter G. Olson*, of Brooks, Allen & Olson, of Liberal, for appellee.

Before RULON, C.J., ELLIOTT, J., and WAHL, S.J.

RULON, C. J.: Appealing a question reserved, the City of Liberal challenges the district court's refusal to permit testimony about the defendant's statements made during the municipal court trial, when the defendant invoked her Fifth Amendment privilege against self-incrimination during the de novo trial on appeal to the district court. We reverse.

On appeal to the district court, the court would not consider certain testimony from a police officer regarding the defendant's sworn testimony in municipal court as it related to defendant's admission to distributing allegedly defamatory information to a third person. As a result of the exclusion of the police officer's testimony, the district court found the City had failed to present a prima facie case against the defendant, and on the defendant's motion, the court dismissed the complaint after the close of the City's case.

As a preliminary matter, the defendant contends the question is not properly before this court as the prosecution did not properly reserve the question at the district court. This contention possesses little legal merit.

The prosecution's ability to appeal a district court's ruling is substantially limited when compared to the defendant's right of appeal. The prosecution is limited to appeals from (1) an order dismissing a complaint, information, or indictment; (2) an order arresting judgment; (3) a question reserved; or (4) an order granting a new trial in any case involving a class A or B felony or involving an off-grid crime committed on or after July 1, 1993. See K.S.A. 2000 Supp. 22-3602(b).

In order to preserve a question reserved for appeal, the prosecution must enter a timely and specific objection at the time of the district court's ruling. See *State v. Schulze*, 267 Kan. 749, 751, 985 P.2d 1169 (1999). In this case, when the defendant objected to the

prosecution's attempt to admit evidence of the defendant's statements during the municipal court trial and the court sustained the objection, the City noted an exception to the court's ruling for the record, proffering the anticipated evidence that was suppressed.

An appeal of a question reserved is proper only when the legal ruling adverse to the prosecution is of statewide importance to the correct and uniform administration of the criminal law. See *Schulze*, 267 Kan. at 751. We deem the question of whether the prosecution can admit the statements of a defendant made in a municipal court trial without record as admissions in the subsequent district court trial on appeal is a question of statewide importance.

In addressing the merits of the appeal, the prosecution urges this court to rule that a defendant's statements made at a municipal court, of no record, waives the defendant's Fifth Amendment protection in a subsequent trial to the district court on appeal. The defendant vehemently disagrees, claiming the testimony of an observer of the municipal court trial as to what he or she perceived a criminal defendant's testimony to entail is inherently unreliable and extremely prejudicial to the defendant. Neither brief cites any Kansas case related to this issue.

The admission of evidence lies within the sound discretion of the trial court. An appellate court's standard of review regarding a trial court's admission of evidence, subject to exclusionary rules, is abuse of discretion. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. See *State v. Lumley*, 266 Kan. 939, 950, 976 P.2d 486 (1999).

Here, however, the district court gave no reason for suppressing the prosecution's evidence except a statement that an appeal from a municipal court of no record is a de novo proceeding. As such, the question before this court is whether the law permits the prosecution to admit statements made by the defendant at a municipal court trial without record in a subsequent de novo trial on appeal to the district court. This is a question of law over which this court

has unlimited review. See *Lindsey v. Miami County National Bank*, 267 Kan. 685, 689-90, 984 P.2d 719 (1999).

The City argues the district court made its ruling based upon the privilege against self-incrimination. An individual's protection against self-incrimination articulated in K.S.A. 60-425 is to be interpreted identically to the protection extended by the Fifth Amendment to the United States Constitution. See *State v. Green*, 254 Kan. 669, 676, 867 P.2d 366 (1994) (explaining that K.S.A. 60-425 is merely the codification of the privilege granted by the Fifth Amendment).

The Fifth Amendment to the United States Constitution protects an individual from testifying under government compulsion. This protection is waived when an individual voluntarily testifies on his or her own behalf. See *State v. Simmons*, 78 Kan. 852, 853, 98 Pac. 277 (1908).

In *Simmons*, the defendant testified at his trial and was convicted. After an appeal, our Supreme Court granted Simmons a new trial, in which he invoked his Fifth Amendment privilege. As a result, the State introduced the defendant's statements from the first trial, and the defendant was again convicted. The defendant objected, claiming that reading the transcript of his testimony was tantamount to compelling the defendant to testify against himself in the second trial. 78 Kan. at 853. Rejecting the defendant's argument, our Supreme Court held, " 'If the accused waives his privilege and takes the witness-stand in his own behalf, at any stage of the prosecution, he waives it for every subsequent stage.' " 78 Kan. at 853 (quoting 1 Thompson on Trials, § 647 [date unknown]).

The case presently before us concerns facts similar to those presented before the *Simmons* court. In both cases, the defendant voluntarily testified at the initial stage of the criminal proceedings. When the defendant was given a new trial, in each case the defendant chose to invoke the protection afforded a criminal defendant under the Fifth Amendment and K.S.A. 60-425. The only distinguishing element of the cases is that defendant's initial conviction occurred in a municipal court without record, whereas Simmons' initial conviction occurred in a district court which provided a transcript of the proceedings.

The defendant in this case makes much of this distinction, but the two factual situations involve little material difference for purposes of the right to self-incrimination. Although a transcript of a proceeding provides a more reliable record of the events of a trial than does the perception of a witness, where no transcript was made and a witness testifies to the events, this affects the weight of the evidence and presents a question of credibility for the fact-finder. It does not cause the evidence to become inadmissible. See *Price v. Grimes*, 234 Kan. 898, 902, 677 P.2d 969 (1984) (finding no abuse of discretion when the district court submitted evidence to the jury of statements made by the decedent who had allegedly been mentally incapacitated by a stroke); *State v. Estill*, 13 Kan. App. 2d 111, 116, 764 P.2d 455 (1988), *rev. denied* 244 Kan. 739 (1989) (finding that the accuracy and trustworthiness of a phone trap affected the weight of the evidence, not its admissibility).

K.S.A. 60-419 establishes two requirements of a witness before the witness' testimony is admitted: (1) the testimony must be relevant to a material matter in the case, and (2) the testimony must be based upon the personal knowledge of the witness. In the present case, both of these requirements are satisfied. Officer Johnson listened to the testimony of the defendant during the municipal court trial; therefore, he had personal knowledge of the defendant's statements at trial. Furthermore, the prosecution proffered evidence concerning what Officer Johnson was expected to relate.

Additionally, the statements from Officer Johnson concerning the defendant's earlier testimony would be subject to exclusion as hearsay, except that K.S.A. 2000 Supp. 60-460(c)(2)(A) specifically exempts such testimony from the definition of hearsay, as a statement against interest given as a witness in a "former trial in the same action." In order to qualify for this exemption, the prosecution must demonstrate that the witness is unavailable in the second trial. See K.S.A. 2000 Supp. 60-460(c)(2). However, it is clear that a witness who invokes the protection of the Fifth Amendment and refuses to testify is unavailable within the meaning of the statute. See *Green*, 254 Kan. at 680 (holding that a witness who invoked his Fifth Amendment rights was not available to testify and his prior testimony was admissible).

Another consideration concerning evidence is that, although the evidence is relevant and not subject to exclusion under a specific rule, the district court may exclude evidence in which the probative value is outweighed by the possibility of undue prejudice to the defendant. See K.S.A. 60-445. A witness who waives his or her protection from self-incrimination in a municipal court trial is not unfairly prejudiced when those statements are again raised at a subsequent de novo trial. There is no conceivable reason to permit an officer to introduce testimony concerning an admission made by a criminal defendant during interrogation at the police station while refusing to allow an officer to testify as to statements made by a defendant in open court while under oath.

We conclude no reasonable person would properly exclude Officer Johnson's testimony concerning defendant's statements during the municipal court trial. The district court erred when disallowing the officer's testimony.

We reverse the district court's ruling concerning the officer's testimony about the defendant's prior statements. Because the charges against the defendant were dismissed due to the City's failure to establish a prima facie case, we can not remand the case for further proceedings because to do so would violate the Double Jeopardy Clause of the United States Constitution.