(170 P.3d 910)
No. 96,690

STATE OF KANSAS, *Appellant,* v. ANTHONY VASQUEZ, JR., *Appellee.*

Opinion filed November 21, 2007.

*Thomas J. Drees,* county attorney, and *Phill Kline,* attorney general, for appellant.

*Paul R. Oller,* of Oller & Johnson, L.L.C., of Hays, for appellee.

Before HILL, P.J., GREEN and MARQUARDT, JJ.

MARQUARDT, J.: The State challenges the trial court's decision that it did not have the authority to find Vasquez in contempt of court for his failure to pay restitution. We dismiss.

In March 2000, Vasquez was charged with one count of severity level 4 aggravated battery. Vasquez and the State reached an agreement whereby Vasquez pled guilty to one count of misdemeanor battery and the State agreed to recommend a sentence of 180 days in jail, with 2 years of probation after Vasquez served 30 days. Vasquez was also ordered to pay restitution of $24,922.47 and the reasonable cost of one additional surgery for the victim.

The State sought to revoke Vasquez' probation in the summer of 2002. The journal entry shows that Vasquez was current with his restitution payments; nonetheless, the trial court extended Vasquez' probation an additional 24 months.

Vasquez failed to appear at an August 2004 probation review hearing and the trial court issued a bench warrant for his arrest. The State filed a second motion seeking to revoke Vasquez' probation. On July 1, 2005, the trial court revoked Vasquez' probation because Vasquez had failed to pay all restitution.

Vasquez filed a motion to reconsider, arguing that pursuant to statute his probation could not extend past May 15, 2004; therefore, the trial court did not have jurisdiction to revoke his probation in 2005. After hearing arguments from the parties, the trial court ruled that it lost jurisdiction over Vasquez on May 15, 2004, and the August 9, 2004, motion to revoke Vasquez' probation was untimely.

In July 2005, the State filed a motion asking the trial court to find Vasquez in indirect contempt of court, stating that Vasquez still owes more than $23,000 on the restitution order. Vasquez responded and asked the trial court to quash the State's motion claiming that the trial court no longer had jurisdiction over him. The parties were ordered to brief the issue.

After hearing arguments from counsel, the trial court concluded that it did not have the authority to order a contempt citation in a criminal case. Further, the trial court ruled that the issue of Vasquez' restitution order was "part and parcel" of Vasquez' probation. Therefore, it did not have jurisdiction to enforce any orders stemming from the original criminal case. The State timely appeals.

Vasquez argues that under K.S.A. 2006 Supp. 22-3602(b), the issue being appealed by the State is not appealable.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). The right to appeal is entirely statutory. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004).

K.S.A. 2006 Supp. 22-3602(b) states:

"Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:

(1) From an order dismissing a complaint, information or indictment;

(2) from an order arresting judgment;

(3) upon a question reserved by the prosecution; or

(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime."

The legislature clearly established the limited circumstances under which the State is allowed to appeal. In the instant matter, the State does not come within any of the narrowly defined categories of K.S.A. 2006 Supp. 22-3602(b). Once an individual completes his or her period of incarceration or probation, the trial court no longer has jurisdiction in the criminal case over any unpaid restitution. Collection of unpaid restitution must then be pursued in a civil action. Accordingly, this court does not have jurisdiction to consider the substantive issues raised by the State.

Appeal dismissed.