POWELL, J.,
concurring and dissenting: Relying on State v. Schulze, 267 Kan. 749, 753, 985 P.2d 1169 (1999), the majority concludes the district court erred when it held that indigency alone is not enough to forgive an order of restitution. I concur with the majority’s conclusion on this point because “[a] trial court has considerable discretion in determining the amount of restitution to be ordered.” State v. Ball, 255 Kan. 694, 702, 877 P.2d 955 (1994). I also agree that poverty alone does not require a district court to modify a restitution amount in every case and that a plan of restitution which requires a defendant to make restitution payments far in excess of the defendant’s ability to pay during a standard term of probation is unworkable. See State v. Orcutt, No. 101,395, 2010 WL 348281, at *5-6 (Kan. App.) (unpublished decision), rev. denied 290 Kan. 1101 (2010).
But I must depart from tire majority’s holding that the district court abused its discretion in ordering a restitution amount which, *1067 given Herron’s current limited means, would take her years beyond the standard term of probation to pay off. The majority correctly states our standard of review of a district court’s restitution order is highly discretionary then boldly declares no reasonable person would agree with the full restitution order because it could take Herron 57 years to pay off her restitution obligation at the State’s suggested rate of $10 a month. Well, I submit tire representatives of the people are in a better place to decide what is reasonable, and our legislature has specifically allowed for probation to be continued indefinitely so a defendant may satisfy unpaid restitution. See K.S.A. 2013 Supp. 21-6608(c)(7).
More broadly, I am also concerned the majority’s holding im-permissibly limits a district judge’s discretion and effectively applies a means test to restitution. The Kansas Supreme Court has unequivocally declared that “restitution is the rule and a finding that restitution is unworkable the exception.” State v. Goeller, 276 Kan. 578, 583, 77 P.3d 1272 (2003). Moreover, our Supreme Court has also suggested that imprisonment for a failure to comply with a restitution order does not violate §16 of the Kansas Constitution Bill of Rights provision banning imprisonment for a debt. State v. Yost, 232 Kan. 370, 374, 654 P.2d 458 (1982). This is so because imposition of a prison sentence is ultimately due to the crime for which the defendant is convicted, not for a failure to pay a debt. 232 Kan. at 374; see also State v. Applegate, 266 Kan. 1072, 1075, 976 P.2d 936 (1999) (“Restitution imposed as a condition of probation is ... an option which may be voluntarily exercised by the defendant to avoid serving an active sentence.”).
Experience tells me that most criminal defendants are either indigent or are, at the veiy least, of limited means. By declaring a plan of restitution unworkable because it requires a defendant to be on probation far longer than a standard term of probation in order to satisfy a significant restitution obligation, the majority rewrites the law of restitution to become one which essentially forbids the imposition of restitution upon a defendant’s showing of indigency, even if a defendant is given years to repay the amount. The other consequence of the majority’s holding is that restitution will no longer be “the rule” but the “exception.” Many defendants *1068 will escape a restitution obligation altogether as they will be unable to pay during their term of probation or for many years thereafter. Other than for bankruptcy and determinations of punitive and exemplary damages, even civil debtors are not given this kind of grace. See generally K.S.A. 60-3701(b)(6) (court may consider financial condition of defendant with respect to punitive and exemplary damages).
While remand is necessary so the district court may examine its restitution order in light of Herron’s financial circumstances, I see nothing in the law which would prohibit it from reimposing its restitution order. In its discretion, the district court has every right to evaluate whether the defendant has made good-faith efforts to pay down restitution, thus fulfilling the restitution statute’s goals of rehabilitation and deterrence. See generally State v. Reed, 254 Kan. 52, 60, 865 P.2d 191 (1993) (not abuse of discretion for district court to revoke probation where, among other things, defendant failed to heed probation officer’s advice to at least make a nominal monthly payment as a good-faith effort).