NOT DESIGNATED FOR PUBLICATION

No. 114,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM E. FLOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Miami District Court; STEVEN C. MONTGOMERY, judge. Opinion filed June 17, 2016. Affirmed.

*Darrell L. Smith*, of Olathe, for appellant.

*Jason A. Oropeza*, assistant county attorney, *Elizabeth H. Sweeney-Reeder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: William E. Floyd filed a motion to revisit restitution with the district court almost 8 years after completing his sentence. Floyd claims that at a hearing on his motion to withdraw his guilty plea, the court waived restitution if Floyd served his complete underlying sentence. Floyd ended up serving the complete sentence. He claims he is no longer obligated to pay restitution. The district court denied his motion, finding it did not have jurisdiction over his unpaid restitution. We affirm.

1

On January 2, 2004, the State charged Floyd with battery, a class B misdemeanor, and criminal damage to property, also a class B misdemeanor. On July 14, 2004, Floyd agreed to plead guilty. On August 5, 2004, the district court sentenced Floyd to 6 months in the Miami County jail on each charge, to be run concurrently, which would run consecutively to a 6-month prison sentence in another Miami County case. In addition, the court ordered him to pay $117 in court costs, a $45 fingerprint fee, court-appointed attorney fees, and reimbursement to the Kansas Crime Victims Compensation Board (KCVCB). The journal entry of his sentence did not include an amount for reimbursement to KCVCB.

Floyd requested probation, and the district court took it under advisement. The court placed Floyd on a 1-year probation term on October 14, 2004, for both this case and his other Miami County case. The conditions of his probation included restitution in the amount of $4,447.10. The conditions of his probation also required Floyd to make monthly payments of $100 starting in November of 2004. On the same day the court granted Floyd probation, KCVCB filed a notification of payments and restitution owed with the court. The payments totaled $14,372.95.

On August 30, 2005, the State filed a motion to revoke Floyd's probation. On October 12, 2005, Floyd stipulated to violating the conditions of his probation, including only making three of the required monthly $100 payments. On December 21, 2005, the court revoked Floyd's probation and ordered him to serve the remainder of his original sentence.

On January 12, 2006, Floyd filed a pro se motion to withdraw his guilty plea. Floyd claimed he was not responsible for the blowout fracture to the victim's eye for which the victim received medical treatment, and he had evidence to support his claim. He also argued he agreed to pay a "reasonable" amount of restitution as part of his plea

agreement, but the district court had incorrectly assessed restitution based on an injury he did not cause.

On March 1, 2006, the district court held a hearing on Floyd's motion to withdraw his plea. Floyd testified he had agreed to a reasonable amount of restitution as part of his plea. He admitted he had slapped the victim, but he maintained he did not cause the blowout fracture sustained by the victim. The court denied Floyd's motion to withdraw his plea. The court recognized, however, that an issue existed as to the amount of restitution. Rather than conduct another hearing, the parties agreed to restitution in the amount of $4,447.10 as reflected in Floyd's conditions of probation. The court then added:

> "The other thing is that if Mr. Floyd serves his sentence in this case, he doesn't have any obligation to pay restitution . . . .
>
>    . . . .
> "And I don't know that he is or isn't going to serve his whole sentence. I'm not prepared to make that ruling today. But the other issue is that I don't intend to impose a restitution order if he ended up having to do the underlying sentence. I would only do that under extraordinary circumstances and that—this isn't that kind of case . . . ."

Approximately 8 years later, on January 6, 2014, Floyd filed a pro se motion to revisit restitution. Nothing in the record establishes what prompted Floyd to file the motion at this time. Floyd argued he should not be responsible for the outstanding restitution in his case because the district court waived all restitution if he served his entire sentence.

In ruling on Floyd's motion to revisit restitution, the district court initially found it did not have jurisdiction because he had finished serving his sentence. Additionally, the court found the judgment of restitution was dormant. The State filed a motion to reconsider arguing that under K.S.A. 60-2403(d) the judgment of restitution would not

3

become dormant until 10 years after the court entered the order. On February 25, 2015, the court granted the State's motion to reconsider and found the judgment of restitution was still valid. Floyd appeals.

Floyd argues he is no longer obligated to pay any outstanding restitution. He contends the district court waived restitution conditional to him serving his entire sentence. He argues that since he has served his entire underlying sentence, he should no longer have to pay the remaining balance of restitution.

The State argues Floyd is still obligated to pay restitution. The State contends once the district court pronounced Floyd's sentence, it could no longer modify restitution. Additionally, the court no longer has jurisdiction over any unpaid restitution because Floyd's sentence is complete.

Both parties have each identified only a single issue in their briefs, although they disagree on the nature of that exact issue. Floyd contends the issue before us is whether the district court waived his restitution. The State argues the issue is whether the district court erred in denying Floyd's motion to revisit restitution. Based on the arguments made by both parties, there appear to actually be three issues in this case: (1) whether the court had jurisdiction to modify Floyd's sentence; (2) whether the court properly waived Floyd's restitution; and (3) whether the court erred in denying Floyd's motion to revisit restitution.

Jurisdiction is a question of law over which we have unlimited review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

At the time of Floyd's criminal offense, K.S.A. 2003 Supp. 21-4603d(b)(1) and K.S.A. 2003 Supp. 21-4610(d)(1) governed restitution. See *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004) ("Criminal statutes and penalties in effect at the time of a

criminal offense are controlling."). K.S.A. 2003 Supp. 21-4603d(b)(1), covering authorized dispositions, states:

> "In addition to or in lieu of [any other disposition], the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable. If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor."

K.S.A. 2003 Supp. 21-4610, covering conditions of probation, states:

> "(a) Except as required by this subsection and subsection (d), nothing in this section shall be construed to limit the authority of the court to impose or modify any general or specific conditions of probation . . . .
>        . . . .
> "(d) [T]he court shall order the defendant to comply with each of the following conditions:
> "(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable. If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor."

Restitution constitutes part of a defendant's sentence. *State v. McDaniel*, 292 Kan. 443, 446, 254 P.3d 534 (2011). Once the sentencing court has pronounced a legal sentence, the court loses subject matter jurisdiction to modify that sentence except to correct arithmetic or clerical errors. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). If the amount of restitution due is not available at the time of the initial sentencing hearing, the district court has the authority to retain jurisdiction to determine the proper amount. See 298 Kan. at 986-97. Although there are no "magic words" the court must use to continue jurisdiction for a later restitution determination, there must be

5

something in the record reflecting that the court is holding sentencing open for a subsequent restitution hearing. *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014).

In this case, the district court ordered restitution both as part of Floyd's original sentence and as a condition of his probation. In Floyd's plea agreement, in which the court originally sentenced him to imprisonment, he agreed to reimburse the KCVCB, but the agreement did not include a specific amount of restitution. The court also stated in the original journal entry of judgment that it had taken Floyd's request for probation under advisement. Later, the court granted Floyd probation. One condition of his probation was restitution in the amount of $4,447.10. Floyd's attorney may have requested a hearing to contest the amount of restitution, but this is not clearly established by the record. The order did not specify that restitution would go to the KCVCB. On the same day as the court granted Floyd probation, the KCVCB filed a document with the court showing Floyd owed restitution in the amount of $14,372.95. At the hearing on Floyd's motion to withdraw his plea, both parties eventually agreed to the reduced amount of $4,447.10.

If the district court failed to continue jurisdiction to later determine restitution, then the court may not have had jurisdiction to determine restitution at all. See *Charles*, 298 Kan. at 1003-04 (vacating restitution order entered after sentencing when original amount of restitution was listed as "to be determined" and court did not expressly continue restitution). The record on appeal, however, is insufficient to establish whether the court held the issue of restitution open, thus retaining its jurisdiction.

Floyd argues that because he did not agree to the amount of restitution in his plea deal, he is not barred from challenging it. He is not clear, though, whether he means he was not barred at the time of the hearing or he is not barred now. In support of his argument, he cites *State v. Huff*, 50 Kan. App. 2d 1094, 336 P.3d 897 (2014), *rev. denied* 302 P.3d ___ (2015). In *Huff*, a defendant entered two plea agreements. In one

agreement, the defendant agreed that "'restitution will be determined by hearing to be scheduled after sentencing is completed.'" In the other, the defendant agreed to pay "'full restitution.'" 50 Kan. App. 2d at 1096. The *Huff* court found that the defendant could challenge the first agreement because it did not contain any language that she had agreed to pay restitution. 50 Kan. App. 2d at 1098. In this case, however, Floyd did agree to pay restitution. His plea agreement ordered him to reimburse KCVCB. In addition, he agreed to pay $4,447.10 in restitution as a condition of his probation, and agreed to this amount again at the hearing. Consequently, *Huff* does not establish that Floyd could and can challenge his obligation to pay restitution based on his failure to agree to do so.

We next must determine if the district court properly waived Floyd's restitution if he served his complete sentence.

Issues regarding restitution and the manner in which it is made to the aggrieved party are normally subject to review under an abuse of discretion standard. *Hall*, 298 Kan. at 989. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.,* 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013). To the extent this issue requires statutory interpretation, this court's review is unlimited. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014), *cert. denied* 135 S. Ct. 91 (2014).

Assuming the district court did retain jurisdiction to modify Floyd's restitution, the court did not properly waive it in this case. The statutes in effect at the time of Floyd's conviction required district courts to order restitution, either in addition to or in lieu of another disposition, or as a condition of probation. K.S.A. 2003 Supp. 21-4603d(b)(1); K.S.A. 2003 Supp. 21-4610(d)(1). Courts have broad discretion in determining the amount of restitution and the manner in which the defendant will pay it. *State v. Hunziker*, 274 Kan. 655, 660, 56 P.3d 202 (2002). The only circumstance under which a

7

court may waive restitution, however, is if the court finds compelling reasons which render the plan unworkable. K.S.A. 2003 Supp. 21-4603d(b)(1); K.S.A. 2003 Supp. 21-4610(d)(1).

Generally, restitution plans are unworkable if the defendant is unable to pay based on personal financial circumstances. See, *e.g., State v. Schulze*, 267 Kan. 749, 752, 985 P.2d 1169 (1999). The defendant has the burden of proving he or she is unable to pay restitution. *State v. King*, 288 Kan. 333, 356, 204 P.3d 585 (2009). Incarceration alone will not necessarily demonstrate a plan is unworkable. See *Puckett v. Bruce*, 276 Kan. 59, 62-63, 73 P.3d 736 (2003) (finding order for defendant to pay restitution while incarcerated fell within court's discretion); *State v. Smith*, No. 99,103, 2008 WL 4849630, at *1 (Kan. App. 2008) (unpublished opinion), *rev. denied* 288 Kan. 835 (2009) (district court suspended restitution as condition of probation while defendant served underlying sentence of imprisonment but restitution came due after release). A court has discretion to order payment of restitution while a defendant is incarcerated, but the court must declare that intention unambiguously. See *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 (2014).

Here, the district court stated Floyd would not be obligated to pay restitution if he served his entire underlying sentence. Assuming the court did intend to waive restitution, it did not make any findings that the restitution plan was unworkable. Moreover, Floyd did not present evidence he was unable to pay. In fact, he stated he could live with the $4,447.10 restitution amount at the hearing. Because the only condition under which a court may waive restitution is if it is unworkable, the court did not properly waive restitution, and Floyd is still obligated to pay.

Floyd appears to argue the district court did find the plan unworkable and waived restitution. The record does not support this argument. If the court waives restitution, it must state on the record the reasons for waiver. K.S.A. 2003 Supp. 21-4603d(b)(1);

8

K.S.A. 2003 Supp. 21-4610(d)(1). At the hearing, no one discussed Floyd's inability to pay due to incarceration or any other reason.

Floyd also argues that because he had completed his sentence, the district court should have waived restitution. Floyd does not provide any statutes or caselaw which authorize courts to waive restitution if a defendant serves a full sentence. While Kansas courts have noted "[r]estitution imposed as a condition of probation is not a legal obligation equivalent to a civil judgment, but rather an option which may be voluntarily exercised by the defendant to avoid serving an active sentence," this does not make restitution and imprisonment mutually exclusive. See *State v. Applegate*, 266 Kan. 1072, 1075, 976 P.2d 936 (1999). In fact, by statute, courts must order restitution even when sentencing a defendant to imprisonment. See K.S.A. 2003 Supp. 21-4603d(b)(1).

Floyd also notes the primary purposes of restitution are victim compensation, deterrence, and rehabilitation but not punishment. Because the KCVCB has compensated the victim in his case and he has served his sentence, he argues he should not have to pay restitution because the purposes of restitution have been fulfilled in his case. While Floyd accurately states Kansas caselaw on the purposes of restitution, the purposes of restitution do not give the court authority to waive restitution. See, *e.g.*, *Applegate*, 266 Kan. at 1075. Moreover, while KCVCB may have already compensated the victim, the KCVCB has not received any compensation itself. See *State v. Beechum*, 251 Kan. 194, 203, 833 P.2d 988 (1992) ("'Aggrieved party' includes a secondarily or tertiarily aggrieved party [a party secondarily aggrieved who had compensated the original aggrieved party].") Therefore, the purposes of restitution in this case have not been fulfilled.

We finally must determine if the district court erred in denying Floyd's motion to revisit restitution.

Jurisdiction is a question of law over which we have unlimited review. *Looney*, 299 Kan. at 906.

As the State points out, district courts no longer have jurisdiction over unpaid restitution once an individual completes his or her period of incarceration or probation. *State v. Vasquez*, 38 Kan. App. 2d 680, 682, 170 P.3d 910 (2007), *rev. denied* 286 Kan. 1185 (2008). The court sentenced Floyd to two concurrent 6-month sentences. On December 21, 2005, when the court revoked Floyd's probation, he had 137 days of jail credit. He would have finished his sentence sometime in 2006. The district court would have lost jurisdiction over any unpaid restitution in his case upon his release in 2006. The court therefore correctly found it did not have jurisdiction to revisit Floyd's restitution.

Affirmed.