(33 P.3d 246)

No. 85,644

STATE OF KANSAS, *Appellee*, v. RANDY T. ARMSTRONG, *Appellant*.

Opinion filed September 21, 2001.

*Patrick H. Dunn*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, C.J., PIERRON, J., and PATRICK D. MCANANY, District Judge, assigned.

PIERRON, J.: Randy T. Armstrong appeals from the sentence imposed following a no contest plea to reduced charges. Finding no error, we affirm.

In May 2000, Armstrong entered pleas of no contest to two counts of attempted aggravated indecent liberties with a minor, severity level 5 felonies. In the plea agreement, Armstrong acknowledged his criminal history score would likely be "A." At the plea hearing, Armstrong acknowledged he might be subject to classification as a persistent sex offender.

A presentence investigation (PSI) report was prepared which reflected that Armstrong had six prior convictions for statutory rape 2 and one conviction of statutory rape 3 from the State of Washington. The persistent sex offender rules of the Kansas sentencing guidelines applied. See K.S.A. 2000 Supp. 21-4704(j). After the report was prepared, Armstrong objected to the criminal history score. Armstrong argued his prior convictions were being used to enhance his sentence as a persistent sex offender and therefore could not also be included in his criminal history score.

At sentencing, Armstrong admitted the PSI report correctly reflected his prior convictions, but renewed his objection to including

those convictions in his criminal history. The State argued that two of Armstrong's prior convictions could be used to classify Armstrong as a persistent sex offender and the remaining five convictions could be included in his criminal history. The trial court overruled Armstrong's objections and assigned him a criminal history score of "A." On Count I, the court imposed a 272-month sentence, double the standard presumptive sentence for grid box 5-A, pursuant to K.S.A. 2000 Supp. 21-4704(j). A concurrent sentence, using a criminal history score of "I," of 34 months was imposed on Count II.

The sole issue on appeal is whether the court was barred under K.S.A. 21-4710(d)(11) and K.S.A. 2000 Supp. 21-4704(j) from including any of Armstrong's prior sex crimes in his criminal history because he was found to be a persistent sex offender. This issue calls for interpretation of the sentencing statutes and is subject to unlimited review by this court. See *State v. Hildebrandt*, 270 Kan. 1, 4, 12 P.3d 392 (2000). Criminal statutes must be strictly construed in favor of the accused. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and effect legislative intent. *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998). In construing statutes, the intent of the legislature is paramount, and we must consider the entire act, with our duty being to reconcile the various provisions to make them harmonious, consistent, and sensible. *Hildebrandt*, 270 Kan. at 4.

In this case, the trial court doubled Armstrong's presumptive sentence pursuant to K.S.A. 2000 Supp. 21-4704(j). That statute provides:

"The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. . . . Except as otherwise provided in this subsection, . . . 'persistent sex offender' means a person who: (1) Has been convicted in this state of a sexually violent crime . . . and (2) at the time of the conviction under subsection (1) has *at least one conviction* for a sexually violent crime, . . . in this state or comparable felony under the laws of another state . . . ." (Emphasis added.) K.S.A. 2000 Supp. 21-4704(j).

Armstrong does not challenge the number or nature of his prior convictions. However, he contends that pursuant to K.S.A. 21-

4710(d)(11) and *State v. Taylor*, 27 Kan. App. 2d 62, 998 P.2d 123, *rev. denied* 269 Kan. 940 (2000), none of his prior convictions could be included in his criminal history score. We find *Taylor* to be of little assistance in this case.

In *Taylor*, the defendant was sentenced as a persistent sex offender based on his current crime of conviction (aggravated indecent liberties) and his *one* prior conviction of indecent liberties. 27 Kan. App. 2d at 63. In interpreting various sentencing statutes, this court compared the persistent sex offender statute—K.S.A. 2000 Supp. 21-4704(j)—with the predatory sex offender statute—K.S.A. 2000 Supp. 21-4716(b)(2)(F)(ii)(a). 27 Kan. App. 2d at 65-66. Because the predatory sex offender statute was specifically exempted from K.S.A. 21-4710(d) and specifically provided for including prior sex crimes in criminal history, this court concluded the absence of similar language in the persistent sex offender statute indicated such offenders were to be treated differently. 27 Kan. App. 2d at 66-67. Because the defendant in *Taylor* had only one prior conviction, this court held that prior conviction could not be included in Taylor's criminal history score under K.S.A. 21-4710(d)(11). 27 Kan. App. 2d at 68.

Because the defendant in *Taylor* had only one prior conviction for a sexually violent crime, that court did not address the question presently before us—whether the court may classify a defendant as a persistent sex offender based on one prior sex offense and include other prior sex offenses in the defendant's criminal history score. We are persuaded another *Taylor* case, *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997), provides appropriate guidance in these circumstances.

In *Taylor*, 262 Kan. 471, the defendant was convicted in various cases and was sentenced to probation. Several months later, he was charged with aggravated escape from custody. In the complaint, the State alleged the defendant was in custody on a felony cocaine possession charge from one of the cases. The defendant pled guilty to escape and a dispute arose at sentencing as to the proper calculation of the defendant's criminal history that was based upon whether defendant's other convictions from the same case as the possession of cocaine conviction could be included in his criminal

history score. After reviewing the complaint and various sentencing statutes, the Supreme Court concluded all the prior convictions, except the single conviction of possession of cocaine, should be included in the criminal history. 262 Kan. at 479.

The same rationale applies in this case. The sentencing guidelines specifically provide that all prior convictions are to be considered in a defendant's criminal history score unless otherwise excluded. K.S.A. 21-4710(c). One statutory exception prohibits including prior convictions of any crime "if they enhance the severity level or applicable penalties, . . . or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." K.S.A. 21-4710(d)(11).

In this case, a defendant may be sentenced as a persistent sex offender if he or she "has at least one conviction for a sexually violent crime." K.S.A. 2000 Supp. 21-4704(j). By the plain terms of the statute, only one prior conviction of a sexually violent crime is necessary to support an enhanced sentence as a persistent sex offender. When read in conjunction with K.S.A. 21-4710(c) and K.S.A. 21-4710(d)(11), the trial court is required to include in the criminal history any other convictions beyond that necessary to trigger the enhancement.

For these reasons, the trial court did not err in calculating Armstrong's sentence. The court used one of Armstrong's prior statutory rape convictions to trigger the persistent sex offender enhancement and excluded this conviction from Armstrong's criminal history score. Armstrong's other prior convictions were sufficient to give Armstrong a criminal history of "A."

Affirmed.