(96 P.3d 280)
No. 90,981

STATE OF KANSAS, *Appellant*, v. GERALD D. POTTOROFF, a/k/a GERALD D. POTTORFF, *Appellee*.

Opinion filed August 20, 2004.

*Kristi L. Barton*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for appellant.

*Cory D. Riddle*, assistant appellate defender, for appellee.

Before ELLIOTT, P.J., PIERRON and GREENE, J.J.

GREENE, J.: After the conviction and sentencing of Gerald D. Pottoroff for failure to register as a sex offender in violation of K.S.A. 2001 Supp. 22-4903, the State appeals the district court's holding that a prior conviction of Pottoroff for attempted aggra-

vated indecent liberties with a child must be excluded from his criminal history because it was an element of the failure to register conviction. Pottoroff challenges this court's jurisdiction on the basis that the State did not adequately object or take exception to the district court's ruling. We exercise jurisdiction and affirm the district court.

*Factual and Procedural Background*

Pottoroff pled no contest to one count of failure to register, a level 10 felony pursuant to K.S.A. 2001 Supp. 22-4903. In exchange for the plea, the State agreed to recommend the "low number in the appropriate sentencing grid box" and probation. The present-ence investigation (PSI) report indicated that Pottoroff had been convicted previously of one count of attempted aggravated inde-cent liberties with a child, placing Pottoroff in criminal history cat-egory C. Pottoroff objected to the use of this prior conviction in calculating his criminal history score, arguing that this conviction was an element of his crime of failure to register. The district court agreed and excluded the prior conviction, thus placing Pottoroff in criminal history category G.

The State appeals on a question reserved pursuant to K.S.A. 2001 Supp. 22-3602(b)(3).

*Did the State Adequately Preserve the Question for Appeal?*

Pottoroff initially argues that this appeal should be dismissed for lack of jurisdiction based upon the State's failure to adequately preserve the question for appeal, citing *State v. Marek*, 129 Kan. 830, 284 Pac. 424 (1930), and *State v. Mountjoy*, 257 Kan. 163, 166, 891 P.2d 376 (1995). The State admits that no formal objec-tion or exception was made *after* the district court's ruling, but contends that the prosecutor's argument supporting the PSI report and its criminal history score was adequate to preserve the ques-tion. We hold that the better practice is for the State to make a clear objection or take exception *to the ruling* in order to preserve a question for appeal, but we conclude that there was an adequate objection here to vest this court with jurisdiction over the question.

At Pottoroff's sentencing hearing and after a defense objection to criminal history score, the State maintained that the prior conviction should not be excluded in calculating the score.

"Mr. Williams: And, Your Honor, as to [the prior conviction for attempted aggravated indecent liberties with a child], it's the state's point of view that that prior conviction should count in the criminal history finding, Your Honor, that it's not a specific element of this current offense. Counsel is correct, we couldn't find a case that would be on point on this issue. It's the state's point of view it's not a specific element to this offense and it should be counted.

"We'd ask the court to overrule the motion.

"The Court: How can you say it's not an element? Don't you have to first establish that the person has been convicted of a crime that would require him to register?

"Mr. Williams: I believe that's true, Your Honor, but it doesn't necessarily — state's point of view, Your Honor, it's not a specific element in that it elevates the crime or that it elevates the severity level of the crime necessarily in that. And further, Your Honor, it's not a specific element of the current offense, although at some point in time, defendant would have had to have registered to violate this count based on his actions from the other county, Your Honor, or from the prior conviction, but it's not a specific element, Your Honor."

After hearing responsive argument from Pottoroff's counsel, the State declined further comment and the court sustained the objection. Following the ruling, the State made no further comment on the issue.

In *Marek,* our Supreme Court held that in order to reserve a question for presentation on appeal, the State must "make a proper objection or exception at the time the order complained of is made or the action objected to is taken." 129 Kan. at 834. In *Mountjoy,* the requirements were summarized as follows:

"No formal procedural steps are required by K.S.A. 1994 Supp. 22-3602(b) to appeal on a question reserved. All that is necessary for the State to do to reserve a question for presentation on appeal to the Supreme Court is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken, laying the same foundation for appeal that a defendant is required to lay." 257 Kan. at 166.

K.S.A. 21-4721(e) states: "In any appeal, the appellate court may review a claim that: . . . (2) The sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history scoring purposes." We have con-

sistently exercised jurisdiction over an appeal of a criminal history score by a defendant notwithstanding the defendant's failure to object to his or her criminal history score at sentencing. See, *e.g.*, *State v. Pennington*, 276 Kan. 841, 851, 80 P.3d 44 (2003); *State v. Pope*, 23 Kan. App. 2d 69, 79, 927 P.2d 503 (1996), *rev. denied* 261 Kan. 1088 (1997). Since no double standard is appropriate under *Mountjoy*, we decline to require from the State more than is required from a defendant to preserve appellate review.

Here, the State made its argument to the district court on the question to be reserved, thus fully informing the court of the State's position and creating an adequate record for review. Although the better practice to preserve a question for appeal under these circumstances would have been for the State to object or take exception *after* the court's ruling, we are satisfied that the argument by the State was adequate to preserve the question for jurisdictional purposes.

*Is the Question Reserved Of Statewide Importance?*

Questions reserved by the State in a criminal prosecution, under K.S.A. 22-3602(b), are not entertained on appeal merely to demonstrate whether error has been committed by the trial court. Generally, this court has accepted appeals on questions reserved by the State where the appeals involve issues of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes. *State v. Woodling*, 264 Kan. 684, Syl. ¶ 3, 957 P.2d 398 (1998). An appeal of a question reserved is proper only when the legal ruling adverse to the prosecution is of statewide importance to the correct and uniform administration of the criminal law. *City of Liberal v. Witherspoon*, 28 Kan. App. 2d 649, Syl. ¶ ¶ 1, 2, 3, 20 P.3d 727 (2001).

Here the State argues and we conclude that the question reserved is one of statewide importance because of the apparent need to clarify how a criminal history score should be calculated upon a failure to register as a sex offender under K.S.A. 2001 Supp. 22-4903. Given that the conviction that creates the need for registration under the statutory scheme will consistently be reported by a presentence investigation report, district courts would be served

by guidance whether such a conviction can be counted in determining criminal history score under K.S.A. 21-4710(d)(11). We view such guidance as important to the correct and uniform administration of the criminal law and accept the State's appeal to address the question.

*Did the District Court Err in Excluding the Prior Conviction in Calculating Defendant's Criminal History Score?*

Pottoroff argued and the district court held that the prior conviction for aggravated indecent liberties could not be counted in Pottoroff's criminal history score because it was an element of the present crime of conviction, citing K.S.A. 21-4710(11), which provides:

> "(11) Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, *or are elements of the present crime of conviction*. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.)

Here the precise issue is whether the conviction for aggravated indecent liberties was an element of failure to register. The factual statement offered by the State in support of Pottoroff's plea was that "he was convicted of attempted aggravated indecent liberties in Case Number 95 CR 508," was ordered to register pursuant to sex offender laws, and registered an address on September 30, 2002, but was thereafter not living at said address. Since the prior conviction was the cause of his need to register, the district court found it to be an element of the present crime and excluded it in calculating his criminal history score.

The State argues that K.S.A. 2001 Supp. 22-4904(b)(1) does not expressly require a conviction to prove the defendant was required to register, and the only proof necessary would be "testimony of an agent of the Kansas Bureau of Investigation regarding a defendant's registration status." We disagree.

Resolution of the issue requires that we examine several statutory provisions. K.S.A. 2001 Supp. 22-4904(a)(1) contains the general registration requirement:

"Except as provided in subsection (a)(2), within 10 days of the offender coming into any county in which the offender resides or is temporarily domiciled for more than 10 days, the offender shall register with the sheriff of the county."

Upon moving to another county, the requirement of registering a change of address is contained in K.S.A. 2001 Supp. 22-4904(b)(1):

"If any person required to register as provided in this act changes the address of the person's residence, the offender, within 10 days, shall inform in writing the Kansas bureau of investigation of the new address."

The offense of failure to register is specified in K.S.A. 2001 Supp. 22-4903:

"Any person who is required to register as provided in this act who violates any of the provisions of this act, including all duties set out in K.S.A. 22-4904 through K.S.A. 22-4907, and amendments thereto, is guilty of a severity level 10 nonperson felony."

Apparently the State's argument is that there is no express language requiring a "conviction" as an element of Pottoroff's crime. We reject this argument however, because the entire statutory scheme is dependent upon the definitions provided in K.S.A. 2001 Supp. 22-4902, all of which require a conviction:

"(a) 'Offender' means: (1) A sex offender as defined in subsection (b);
(2) a violent offender as defined in subsection (d);
(3) a sexually violent predator as defined in subsection (f);
(4) any person who, on and after the effective date of this act, *is convicted of* any of the following crimes when the victim is less than 18 years of age[.]
. . . .
"(b) 'Sex offender' includes any person who, after the effective date of this act, *is convicted of* any sexually violent crime set forth in subsection (c) or *is adjudicated as* a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime set forth in subsection (c).
. . . .
"(d) 'Violent offender' includes any person who, after the effective date of this act, *is convicted of* any of the following crimes[.]" (Emphasis added.)

The inescapable conclusion from an analysis of the statutory scheme including definitions is that a defendant is not an "offender" and has no duty to register unless he or she has been convicted of or adjudicated a juvenile offender for committing one of the referenced offenses. Accordingly, the conviction that created

the need for registration under the scheme is necessarily an element of the offense of failure to register and cannot be counted in determining criminal history score under K.S.A. 21-4710(d)(11).

Appeal denied.