(239 P.3d 896)
No. 102,960

STATE OF KANSAS, *Appellee*, v. THARIN DEIST, *Appellant*.

Opinion filed October 1, 2010.

*Michelle Davis*, of Kansas Appellate Defender Office, for appellant.

*Stephen D. Maxwell*, senior assistant district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: Tharin Deist appeals the district court's determination of his criminal history score following his conviction of failure to register as a sex offender in violation of K.S.A. 22-4903. Deist contends that his prior conviction for aggravated indecent liberties with a child must be excluded from his criminal history because it was an element of his current conviction for failure to register as a sex offender. We affirm.

Deist pled no contest to one count of failure to register as a sex offender, a level 5 felony pursuant to K.S.A. 22-4903. The State originally charged Deist with three counts of failure to register as a sex offender, but dismissed the remaining two counts in exchange for Deist's plea of no contest to Count 1 as alleged in the complaint. Count 1 in the complaint alleged that Deist was required to register as a sex or violent offender after being convicted of aggravated indecent liberties with a child in Reno County case No. 97CR596 and that he intentionally failed to give written notice of his change of residence.

The presentence investigation (PSI) report classified Deist's criminal history score as B. The PSI report indicated that he had been convicted previously of two counts of aggravated indecent liberties with a child on October 6, 1997 in case No. 97CR596. Those two previous convictions/counts were listed as entries 1 and 2 on Deist's criminal history worksheet. Entry 1 on the criminal

history worksheet was unscored and not used in calculating Deist's criminal history score. Entry 2, however, was used in calculating Deist's criminal history score.

At sentencing, Deist objected to entry 2 on the criminal history worksheet. He contended that entry 1 was presumably not scored because it was an element of the current offense. He argued that entry 2 on the criminal history worksheet—the second conviction of aggravated indecent liberties with a child—also could not be used in calculating his criminal history because it too was an element of the current offense. The district court overruled Deist's objection, finding that entries 1 and 2 on the criminal history worksheet were each counted separately and that only one of the counts was an element of the current offense.

The district court sentenced Deist to a prison term of 120 months. However, the court dispositionally departed from the presumptive prison sentence and sentenced Deist to community corrections for a period of 36 months.

Deist contends the district court erred in excluding only one of his aggravated indecent liberties convictions from his criminal history. He argues that because both convictions required him to register as a sex offender, both are necessarily elements of the current offense and should be excluded from his criminal history score.

Under the sentencing guidelines, "all convictions, whether sentenced consecutively or concurrently, shall be counted separately." K.S.A. 21-4710(c). The sentencing guidelines also specifically provide that all prior convictions are to be considered in a defendant's criminal history score unless otherwise excluded. One statutory exception prohibits including prior convictions of any crime if the prior convictions "enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, or are *elements of the present crime of conviction.*" K.S.A. 21-4710(d)(11). (Emphasis added.)

Here, the precise issue is whether both prior convictions of aggravated indecent liberties are elements of Deist's current conviction of failing to register. Resolution of this issue calls for interpretation of the sentencing statutes and is subject to unlimited review. As a general rule, a criminal statute should be strictly construed in

favor of the accused, meaning the court must construe any ambiguity in the statute's language in favor of the accused. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Gracey*, 288 Kan. 252, 257-58, 200 P.3d 1275 (2009). Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, we must give effect to the intention of the legislature, rather than determine what the law should or should not be. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995).

Deist relies on *State v. Pottoroff*, 32 Kan. App. 2d 1161, 96 P.3d 280 (2004), in support of his argument that both convictions should be excluded from his criminal history. In *Pottoroff*, the defendant pled no contest to one count of failure to register. The PSI report indicated that the defendant had been convicted previously of one count of attempted aggravated indecent liberties with a child. The issue before the court was whether the conviction for aggravated indecent liberties was an element of failure to register. After a thorough analysis of the sentencing guidelines, this court held that the conviction that creates the need for registration as a sex offender under the statutory sentencing scheme is necessarily an element of the offense of failure to register cannot be counted in determining criminal history score. 32 Kan. App. 2d at 1164-65.

The *Pottoroff* court reasoned that under the statutory scheme a defendant is not an "offender" and has no duty to register unless he or she has been convicted of or has been adjudicated a juvenile offender for committing one of the offenses listed in K.S.A. 22-4902(a). Under 22-4902(b) and (c), an "offender" includes a person who is convicted of aggravated indecent liberties with a child. Because the defendant's conviction of aggravated indecent liberties created the defendant's duty to register, it was an element of the offense and could not be counted in his criminal history. 32 Kan. App. at 1166-67.

Deist argues that *both* convictions of aggravated indecent liberties created a duty to register and so he was guilty of failing to register as a result of each of those counts. He contends that, under

*Pottoroff*, both should be excluded from his criminal history. *Pottoroff* offers little assistance on this particular issue. In *Pottoroff*, the defendant was required to register as a result of only one count of aggravated indecent liberties. Here, Deist had been convicted previously of two counts of aggravated indecent liberties in one case. Because the defendant in *Pottoroff* pled no contest to only one count of aggravated indecent liberties, *Pottoroff* does not answer the question of whether when two convictions each require a defendant to register, they are both elements of the failure to register offense.

The State suggests that because only one of the convictions was necessary to create Deist's need to register, the remaining conviction can be used in Deist's criminal history. We agree.

The State cites *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997), in support of its argument. In *Taylor*, our Supreme Court held that prior convictions used as an element of the present offense cannot be counted when calculating criminal history, but all other convictions can be used unless prohibited by statute. 262 Kan. at 479. *Taylor* also offers little guidance. In *Taylor*, the State specifically alleged that the defendant escaped from custody while being held for his conviction in case No. 95CR1353. Only one count was charged in that case. 262 Kan. at 472-73. Here, as discussed above, Deist had been convicted previously of two counts of aggravated indecent liberties within the same complaint.

The State relies heavily on *State v. Armstrong*, 29 Kan. App. 2d 822, 33 P.3d 246, *rev. denied* 272 Kan. 1420 (2001). In *Armstrong*, the defendant entered pleas of no contest to two counts of attempted aggravated indecent liberties with a minor. The PSI report reflected that the defendant had seven prior convictions for statutory rape. The State argued that two of the defendant's prior convictions could be used to classify the defendant as a persistent sex offender under K.S.A. 2000 Supp. 21-4704(j) and the remaining five convictions should be included in his criminal history. The defendant objected, arguing his prior convictions were being used to enhance his sentence as a persistent sex offender and therefore could not also be included in his criminal history score. The district court overruled the objection and used the remaining five convic-

tions in calculating the defendant's criminal history score. 29 Kan. App. 2d at 822-23.

The issue on appeal was whether the district court was barred under K.S.A. 2000 Supp. 21-4704(j) and K.S.A. 21-4710(d)(11) from including *any* of the defendant's prior sex crimes in his criminal history because he was found to be a persistent sex offender. 29 Kan. App. 2d at 823-24. Applying the rationale from *Taylor*, the *Armstrong* court affirmed the district court's determination to use the remaining five prior convictions in calculating the defendant's criminal history. 29 Kan. App. 2d at 825.

Quoting K.S.A. 2000 Supp. 21-4704(j), the *Armstrong* court determined that a defendant may be sentenced as a persistent sex offender if he or she " 'has at least one conviction for a sexually violent crime.' " 29 Kan. App. 2d at 825. The court reasoned that "[b]y the plain terms of the statute, only one prior conviction of a sexually violent crime is necessary to support an enhanced sentence as a persistent sex offender." 29 Kan. App. 2d at 825. Reading 2000 Supp. K.S.A. 21-4704(j) in conjunction with K.S.A. 21-4710(c) and (d)(11), the court concluded that the district court is required to include in the criminal history any other convictions beyond that necessary to trigger the persistent sex offender enhancement. 29 Kan. App. 2d at 825.

The court held that where a defendant has multiple prior convictions for sexually motivated crimes, one conviction can be used to classify the defendant as a persistent sex offender and the other convictions can be applied to the defendant's criminal history score. 29 Kan. App. 2d at 825. Therefore, the five remaining convictions were not used to enhance the severity level or applicable penalties and so were not excluded from the defendant's criminal history score under K.S.A. 21-4710(d)(11). 29 Kan. App. 2d at 825.

Under the Kansas Offender Registration Act (KORA), an offender is required to inform law enforcement of a change of address within 10 days. K.S.A. 22-4904(b). KORA defines "offender" as any person who is convicted of any sexually violent *crime* listed in subsection (c) of the statute. K.S.A. 2008 Supp. 22-4902(b). (Emphasis added.) Aggravated indecent liberties with a child is considered a "sexually violent crime" under the statute. K.S.A.

2008 Supp. 22-4902(c)(3). Under the plain language of the statute, only one prior conviction of a sexually violent crime is necessary to categorize a defendant as an offender under KORA and trigger the registration requirement. Both of Deist's convictions of aggravated indecent liberties do not need to be counted together in order for Deist to be considered an offender. One of Deist's convictions was sufficient to create his duty to register under KORA.

In *State v. Carrell*, No. 91,801, unpublished Court of Appeals opinion filed Feb. 18, 2005, the defendant pled guilty to aggravated escape from custody. The complaint alleged that at the time of escape, the defendant had been placed in custody after being found guilty of two counts of unlawful sexual relations. The defendant argued that because the two prior felony cases were in a single case, both prior offenses became an element in the escape case. The *Carrell* court disagreed and determined, based on the aggravated escape from custody statute, that at least one crime for which an alleged escapee was convicted or charged must serve as an element of aggravated escape. The court concluded that because one prior conviction was used as an element of the current offense, the second prior conviction was available for calculating the defendant's criminal history. Slip op. at 3.

In conclusion, KORA only requires one prior conviction of a sexually violent crime in order to classify a defendant as an offender and impose the registration requirement. K.S.A. 2008 Supp. 22-4902(b). Because KORA requires only one conviction of a sexually violent crime to create a duty to register, it follows that Deist can be guilty for failing to register based on only one prior conviction of a sexually violent crime. Accordingly, only one of Deist convictions of aggravated indecent liberties is an element of failing to register, and his other conviction is available for calculating criminal history. Therefore, the district court correctly determined Deist's criminal history.

Affirmed.