(272 P.3d 1282)
No. 104,909

STATE OF KANSAS, *Appellee*, v. BRIAN WILLIAMS, *Appellant*.

—

Opinion filed March 2, 2012.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Darrell E. Miller*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MARQUARDT and LEBEN, JJ.

LEBEN, J.: The sentence for theft may be enhanced to presumed prison—rather than probation—if the defendant has three or more prior felony-theft convictions. But a prior conviction used to enhance a penalty can't be counted in the criminal-history score, which affects the length of imprisonment.

When the district court sentenced Brian Williams for theft, Williams had four prior felony-theft convictions. The district court used three of the convictions for the sentence enhancement to prison and counted the fourth in determining Williams' criminal-history score. Williams argues that because the statute providing for sentence enhancement applies when there are "three or more" convictions, *all* of his past convictions are used to enhance his penalty and thus can't be counted for criminal-history purposes. Essentially, he argues that all of the convictions have been "used up" in enhancing his penalty.

But similar Kansas sentencing statutes have been interpreted to "use up" in sentence enhancement only the minimum number of

past convictions required to trigger the enhancement, while counting any remaining past convictions in the defendant's criminal history. We find no meaningful difference between the statutes at issue in these past cases and the ones at issue in Williams' case, and we therefore conclude that the district court correctly sentenced Williams.

With that overview of the legal issues, let's briefly review the specific facts and rulings that have brought the case to our court. Williams pled guilty in 2010 to 15 counts of theft by deception, and he had four prior theft convictions. The presentence-investigation report allocated three of the prior convictions for the purpose of enhancing Williams' penalty from presumed probation to presumed imprisonment. The report allocated the fourth prior theft conviction to Williams' criminal-history score. With one prior nonperson felony, his criminal-history score was G (one prior nonperson felony) rather than the lowest score, I (no prior felonies and no more than one prior misdemeanor). The district court accepted the method for considering the prior convictions suggested by the presentence-investigation report, which calculated Williams' criminal-history score as G for the base-offense sentence.

This change in the criminal-history score from I to G increased Williams' presumptive prison term for the base offense from one ranging from 5 months to 7 months to one ranging from 7 months to 9 months. The Kansas sentencing statutes use the defendant's full criminal history when calculating the base sentence. (Here, since all of Williams' crimes were the same, the base sentence is simply applied to one of the 15 theft convictions.) Then the other crimes of conviction are sentenced based on a criminal-history score of I. The judge has the discretion to make the sentences concurrent, in which case they all run at the same time, or consecutive, in which they are added together. K.S.A. 21-4720(b).

On July 7, 2010, the district court sentenced Williams to 18 months in prison. That was the maximum allowable sentence, even with consecutive sentences, because his sentence could be no longer than double the sentence on the base offense, which was 9 months. See K.S.A. 21-4720(b)(4). Williams appealed, challenging the length of his sentence based on the way the district court used

the past convictions both to enhance his sentence and, for the fourth prior conviction, to affect his criminal-history score.

We turn next to the statutes at issue. We will discuss the statutes as they stood at the time Williams committed his offenses, February and March 2010. See *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004) (holding that the criminal statutes in effect at the time of the offense are controlling). As part of the recodification of the Kansas criminal code, effective July 1, 2011, these statutes have since been repealed and reenacted under new numbers, but the substantive provisions have not been changed.

Two statutes are directly involved here, K.S.A. 2009 Supp. 21-4704(p) and K.S.A. 21-4710(d). (K.S.A. 2009 Supp. 21-4704(p) has been recodified as K.S.A. 21-6804(p), and K.S.A. 21-4710(d) has been recodified as K.S.A. 21-6810(d)(9), effective July 1, 2011. See L. 2011, ch. 100, sec. 21; L. 2011, ch. 30, sec. 78.) K.S.A. 2009 Supp. 21-4704(p) provides that the sentence for felony theft shall be presumed imprisonment when the person "has any combination of three or more prior felony convictions" for theft. K.S.A. 21-4710(d)(11) provides that all prior convictions will be considered and scored for criminal-history purposes except for offenses that "enhance the severity level or applicable penalties" for, or "are elements of," the present crime of conviction.

The question before us is one of statutory interpretation, so we must review the matter independently, without any required deference to the district court. See *State v. Jolly*, 291 Kan. 842, 845-46, 249 P.3d 421 (2011). As a general rule, criminal statutes are interpreted strictly in favor of the defendant, meaning that we construe any ambiguity in the statute's language in the defendant's favor. But this rule of strict construction is subject to the qualification that our ultimate interpretation of the statute must be reasonable so as to carry out the intent of the legislature. See *State v. Jackson*, 291 Kan. 34, 40, 238 P.3d 246 (2010).

Williams was convicted of felony theft in violation of K.S.A. 21-3701. At the time of his offenses, K.S.A. 2009 Supp. 21-4704(p) provided that "[t]he sentence for a felony violation of K.S.A. 21-3701, . . . when such person . . . has any combination of three or more prior felony convictions for [theft], . . . shall be presumed

imprisonment . . . ." Meanwhile, K.S.A. 21-4710(d)(11) provided rules for considering prior convictions for the purpose of criminal-history scores, precluding the use in scoring of convictions that have been already used to enhance the sentence but otherwise requiring the consideration of "all" past convictions for scoring purposes:

"Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." K.S.A. 21-4710(d)(11).

In addition, K.S.A. 21-4710(d)(2) separately provided that "[a]ll prior adult felony convictions, including expungements, will be considered and scored."

A similar question regarding the consideration of past convictions has been answered regarding the Kansas statutes for sentencing persistent sex offenders. Sentences are enhanced—by doubling—when a defendant being sentenced for a sex crime with presumptive imprisonment has *"at least one* [prior] conviction for a sexually violent crime." (Emphasis added.) See K.S.A. 2009 Supp. 21-4704(j). The Kansas Supreme Court addressed the interpretation of K.S.A. 21-4704(j), along with K.S.A. 21-4710(d)(11), in *State v. Zabrinas*, 271 Kan. 422, 442-44, 24 P.3d 77 (2001). The *Zabrinas* court concluded that even though K.S.A. 21-4710(d)(11), calls for scoring all crimes, it also "prevents . . . the counting of a prior conviction that was used to double the sentence." 271 Kan. at 443. The defendant in *Zabrinas* had two prior, qualifying sex offenses, and the court ordered resentencing counting only one of the sentences toward the criminal-history score. Although the court did not make this point explicitly, it apparently considered only one of the prior convictions to have been used to double the sentence, and the statutory language at issue ("at least one conviction") provided for sentence enhancement whether the defendant had one, two, or many prior qualifying convictions. 271 Kan. at 442-44.

Our court has rulings to the same effect in *State v. Armstrong*, 29 Kan. App. 2d 822, 33 P.3d 246, *rev. denied* 272 Kan. 1420 (2001), and *State v. Deist*, 44 Kan. App. 2d 655, 239 P.3d 896

(2010). In *Armstrong*, a defendant with seven prior sex-offense convictions argued that the district court could not use any of the seven prior convictions to increase his criminal history score because his prior convictions had been used to classify him as a persistent sex offender. This court affirmed the district court's use of six of the prior convictions in calculating the criminal-history score:

> "By the plain terms of the statute, only one prior conviction of a sexually violent crime is necessary to support an enhanced sentence as a persistent sex offender. When read in conjunction with K.S.A. 21-4710(c) and K.S.A. 21-4710(d)(11), the trial court is required to include in the criminal history any other convictions beyond that necessary to trigger the enhancement." 29 Kan. App. 2d at 825.

*Deist* followed the reasoning of *Armstrong*, using one prior conviction to trigger the duty to register as a sex offender and the other in calculating the defendant's criminal-history score. *Deist*, 44 Kan. App. 2d at 660.

The Kansas forgery statute offers another similar use of prior convictions. The forgery statute has an enhanced sentence—a minimum of 45 days in prison—on a "third or subsequent conviction" of forgery. K.S.A. 21-3710(b)(4). Relying on the implied statutory mandate that " 'all other prior convictions [not used to enhance severity level or applicable sentencing penalties] will be considered and scored' for criminal history purposes," the Kansas Supreme Court recently held that all forgery convictions beyond three are available to be counted in the criminal history score. See *State v. Arnett*, 290 Kan. 41, 50, 223 P.3d 780 (2010) (citing K.S.A. 21-4710[d][11]); *State v. Gilley*, 290 Kan. 31, 39-40, 223 P.3d 774 (2010) (same).

These precedents strongly suggest that only three of Williams' past convictions were "used up" to enhance his sentence and that the fourth must be scored for criminal-history purposes. There is a slight difference in statutory language between the persistent-sex-offender statute ("at least one" prior conviction) and the statute targeting persistent thieves ("three or more" prior convictions). But we find no meaningful difference there. See *SuperGuide Corp. v. DirecTV Enterprises, Inc.*, 358 F.3d 870, 886 (Fed. Cir. 2004) ("We conclude that the plain and ordinary meaning of the disputed language supports the district court's construction and that the

phrase 'at least one of' means 'one or more.' "); *Rhine v. Casio, Inc.*, 183 F.3d 1342, 1345 (Fed. Cir. 1999) ("Use of the phrase 'at least one' means that there could be only one or more than one.").

This too seems a reasonable statutory interpretation that preserves the legislative intent. K.S.A. 21-4710(d)(2) and (d)(11) make clear the general design that all past convictions be used to determine the defendant's criminal-history score. The precedents we've discussed, including the recent decisions in *Arnett* and *Gilley*, underscore this point.

Williams argues that if the legislature intended that only three prior convictions be used to enhance the sentence, it could have used that language. This argument has some force, especially given the rule of lenity, which holds that an ambiguous criminal statute will generally be construed in favor of the defendant. See *State v. Knight*, 44 Kan. App. 2d 666, Syl. ¶ 8, 241 P.3d 120, *rev. denied* 292 Kan. 967 (2011). But one counterargument is that if the statute had simply stated that any combination of three prior felony convictions triggered presumptive prison, then it would leave open the argument that the plain meaning of the statute says that three and only three convictions trigger presumptive prison. A defendant then might argue that someone with four prior convictions would be included in a statute requiring "three or more" prior convictions but excluded from one that required specifically "three" prior convictions. We do not suggest that such an argument would prevail; we note it only because it provides a plausible explanation for the drafting technique chosen for use in K.S.A. 2009 Supp. 21-4704(p).

We note too that the rationale for applying the rule of lenity in this case is not particularly strong. The rule of lenity is most commonly justified under concepts of fair notice, *i.e.*, that statutes defining criminal conduct must be clearly set forth so that citizens can act accordingly. See *Knight*, 44 Kan. App. 2d at 681; *State v. Edwards*, 39 Kan. App. 2d 300, Syl. ¶ 1, 179 P.3d 472, *rev. denied* 286 Kan. 1181 (2008). Here, the issue involves consideration not of the statute defining the offense but of the ones directing the appropriate penalty. It would be a stretch to say that a persistent thief would act differently depending upon how K.S.A. 2009 Supp. 21-4704(p) is interpreted. So the rule of lenity is sometimes con-

sidered less strongly applicable when interpreting a penalty provision than when interpreting the provisions defining lawful conduct. See Phillip M. Spector, *The Sentencing Rule of Lenity*, 33 U. Toledo L. Rev. 511 (2002). We do not suggest that the rule of lenity is not applied in Kansas to sentencing statutes; it is. *E.g.*, *State v. Malmstrom*, 291 Kan. 876, Syl. ¶ 2, 249 P.3d 1 (2011) (applying rule of lenity when defendant could be sentenced under either of two provisions). We merely note that the rationale for doing so in our case is relatively weak, especially in light of the overriding way in which the statutory scheme deals with a defendant's criminal-history score by making sure that all past convictions are counted. Our Supreme Court has recently emphasized that the rule of lenity is applied only where we are left with reasonable doubt about the meaning of the statute, *State v. Cash*, 293 Kan. 326, 328, 329, 263 P.3d 786 (2011), and this is not such a case.

The Kansas sentencing statutes show an overall purpose to count all convictions when determining criminal-history scores, subject to the exception that convictions used in some other way—such as by enhancing the sentence—are "used up" and may not be counted again. We interpret K.S.A. 2009 Supp. 21-4704(p) in this way too, and only three of Williams' prior convictions were used up to enhance his sentence. The other one was properly used to determine his criminal-history score.

The judgment of the district court is therefore affirmed.