NOT DESIGNATED FOR PUBLICATION

No. 114,477

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MATTHEW DEAN HENDERSON,
*Appellant.*


MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed August 26, 2016. Affirmed in part and dismissed in part.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Jonathan L. Noble*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*: Matthew Dean Henderson pled guilty to one count of violating the Kansas Offender Registration Act (KORA) and one count of attempted violation of the offender registration act. He appeals his sentence, arguing: (1) the district court erred in using two of his three prior convictions for aggravated indecent liberties with a child in calculating his criminal history score; and (2) the district court erred in denying his motion for a dispositional departure.

FACTS AND PROCEDURAL BACKGROUND

On March 4, 2015, the State charged Henderson with one count of aggravated violation of the offender registration act and nine more nonaggravated counts of violating KORA. Henderson eventually pled guilty to one count of violating KORA and one amended count of attempted violation of KORA. The charges resulted from Henderson's failure to provide information regarding his Facebook account and noncompliance with address reporting requirements. He was on felony postrelease supervision at the time of the offense.

Henderson's presentence investigation (PSI) report showed he had three prior convictions for aggravated indecent liberties with a child, each a person felony. The report proposed a criminal history category "B" should be applied at sentencing, based on two of the three prior convictions. One of the three aggravated indecent liberties convictions was excluded from calculating the criminal history score because it constituted an element of the charges for which Henderson was being sentenced.

Henderson filed a motion objecting to his criminal history score. He argued that all three of his prior person felonies created a duty to register, thus making them all elements of his current offense, requiring exclusion of all of them under K.S.A. 2015 Supp. 21-6810(d)(9). If all three of those felonies were excluded, his criminal history score would have been category "H." In addition to challenging his criminal history, Henderson sought a dispositional departure from the presumed sentence, presenting a variety of factors that he contended constituted, individually or collectively, substantial and compelling circumstances.

At sentencing, the district court rejected Henderson's objection to his criminal history score. The court found *State v. Deist*, 44 Kan. App. 2d 655, 239 P.3d 896 (2010), controlled, supporting the category "B" proposed in the PSI report. The court also denied

the motion for a downward departure, noting that Henderson was on felony postrelease at the time of the offense and that the crime carried a presumptive prison sentence. The court found there were mitigating factors in his case but nothing that set his case apart from other violators.

The court sentenced Henderson to 39 months of imprisonment for violating KORA and 8 months for the attempted violation, to be served consecutively for a controlling sentence of 47 months, from which he appeals.

ANALYSIS

*Criminal history calculation*

The first of Henderson's two claims of error asserts that his criminal history category was improperly determined, using two of his three prior aggravated indecent liberties convictions to arrive at category "B." He contends that none of them should have been considered because all three equally required registration under KORA. As a result, he reasons, all three should be considered elements of his current offenses and thereby ineligible for criminal history scoring.

The State maintains the score was correctly computed because only one of Henderson's prior convictions was needed to serve as an element of his present offenses—providing the basis for the requirement to register. Henderson's other two prior person felonies, therefore, were properly included as part of his criminal history.

Whether the district court properly classified Henderson's criminal history requires interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 *et seq*. Interpretation of a sentencing statute is a question of law over which we apply a de novo standard of review. *State v. Hilt*, 299 Kan. 176, 202, 322 P.3d 367 (2014).

3

Henderson became subject to the constraints of the offender registration act via a cascade of statutory definitions in KORA that is helpful for our analysis: (1) "[v]iolation of the Kansas offender registration act is the failure by an offender, as defined in K.S.A. 22-4902, and amendments thereto, to comply with any and all provisions of such act" (K.S.A. 2015 Supp. 22-4903[a]); (2) an "offender" is any person who is, among other possibilities, "[a] sex offender" (K.S.A. 2015 Supp. 22-4902[a][1]); (3) a "sex offender" includes any person who, "[o]n or after April 14, 1994, is convicted of any sexually violent crime" (K.S.A. 2015 Supp. 22-4902[b][1]); and (4) "sexually violent crime" includes aggravated indecent liberties with a child, the crime of conviction for Henderson's three person felonies (K.S.A. 2015 Supp. 22-4902[c][3]).

Under the KSGA, all of a defendant's convictions should be counted separately for the purposes of calculating a defendant's criminal history score, unless an exception applies. K.S.A. 2015 Supp. 21-6810(c). One exception applies here: "[p]rior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction." K.S.A. 2015 Supp. 21-6810(d)(9).

Henderson argues each of his three prior convictions for aggravated indecent liberties with a child independently constitutes an element of his current crimes of conviction and should be excluded under K.S.A. 2015 Supp. 21-6810(d)(9). A panel of this court rejected a similar argument in *Deist*, 44 Kan. App. 2d 655. In *Deist*, the court observed that a conviction of "any sexually violent *crime*" (emphasis added) qualifies a person as a "sex offender" and, as a result of that, an "offender" subject to KORA. The court found express intent in the statutory choice to use the singular form of the word "crime." Since a single conviction of a sexually violent crime is sufficient to make a defendant an offender, the court held that any other convictions beyond the first qualifying conviction are available for calculating a defendant's criminal history score. 44 Kan. App. 2d at 659-660.

4

Like the defendant in *Deist*, Henderson relies on *State v. Pottoroff*, 32 Kan. App. 2d 1161, 96 P.3d 280 (2004), to support his argument that all of his prior convictions should be excluded from his criminal history. In *Pottoroff*, a panel of this court held that the conviction that created a sex offender's duty to register under KORA was an element of the offense of failure to register and could not be counted in determining his or her criminal history score. 32 Kan. App. 2d at 1166-67. As the *Deist* court noted, however, *Pottoroff* provides little guidance beyond its facts, since the defendant in *Pottoroff* only had one prior conviction for aggravated indecent liberties with a child, while Deist had two. Here, Henderson has three.

Recognizing the authority contrary to his position, Henderson argues that *Deist* was wrongly decided. First, he contends the *Deist* court looked solely to the language of KORA at the expense of the language in the KSGA. Henderson focuses on the wording of K.S.A. 2015 Supp. 21-6810(d)(9), which states that "[p]rior convictions of any crime shall not be counted" if they are elements of the current offense. He highlights the use of the plural form—"convictions." Next, he asserts *Diest* failed to recognize that each prior conviction created an independent duty to register, so his failure to register fell short of the requirements triggered by each of his convictions, not just one. Finally, Henderson argues we should find a legislative intent to treat multiple KORA-qualifying convictions as a unit, so that all are disqualified from scoring because each was of the type requiring registration.

We are not persuaded by Henderson's rationale for finding that *Deist* was wrongly decided. While criminal statutes must be strictly construed in favor of the defendant, "judicial interpretation must be a reasonable and sensible application of the legislative design and intent." *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014).

A question similar to the one presented by Henderson was considered by a panel of this court in *State v. Williams*, 47 Kan. App. 2d 102, 272 P.3d 1282 (2012). In

5

*Williams*, the defendant had four prior felony theft convictions when he faced sentencing for yet another theft. His sentence was subject to enhancement to presumed prison status because he had "three or more" prior felony theft convictions. He argued that "three or more" meant his fourth conviction should be included as part of the enhancement, making it ineligible for criminal history calculation. The court disagreed and found that three of Williams' prior felony thefts were correctly applied to enhance his sentence, leaving the other conviction to be considered in determining his criminal history. The court stated its premise in this way:

> "The Kansas sentencing statutes show an overall purpose to count all convictions when determining criminal-history scores, subject to the exception that convictions used in some other way—such as by enhancing the sentence—are 'used up' and may not be counted again." 47 Kan. App. 2d at 108.

The decision in *Williams* stated a reasonable and sensible reading of the intent of the statute, as did the panel in *Deist.* We find no error here when the district court excluded one of Henderson's three prior aggravated indecent liberties convictions as an element of his current crimes of conviction and used the other two as components of his criminal history calculation.

*Denial of departure motion*

Henderson next presents an argument that the district court committed error when it denied his motion for a downward dispositional departure and imposed the presumptive sentence for his crimes. This claim is resolved by K.S.A. 2015 Supp. 21-6820(c)(1): "[o]n appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:  (1) Any sentence that is within the presumptive sentence for the crime." Since the district judge imposed the presumptive sentence for Henderson's crimes, we lack jurisdiction to review this issue and that claim must be dismissed.

Affirmed in part and dismissed in part.