NOT DESIGNATED FOR PUBLICATION

Nos. 119,211
119,215

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANGELO DWAYNE TURNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed May 24, 2019. Affirmed in part, sentence vacated, remanded with directions.

*Kai Tate Mann*, of the Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: DeAngelo Dwayne Turner appeals his sentences in two cases consolidated on appeal. In the first case, we remand because the court used an incorrect criminal history score. In the second case, we find no error and affirm.

In the first case, Turner pled guilty to one count of possession with the intent to distribute marijuana, a severity level three drug felony. In the second case, he pled guilty to an aggravated violation of the Kansas Offender Registration Act, a severity level three felony. In the second case, the amended complaint alleged that Turner was required to

1

register due to two federal drug convictions, and that he failed to register his residence. The KORA violation was "aggravated" because it continued for more than 180 consecutive days—from April 1, 2016, to September 27, 2016. See K.S.A. 2016 Supp. 22-4903(b). We examine the drug case first.

In the marijuana possession case, the district court found Turner's criminal history to be C based on the two federal drug convictions scored as nonperson felonies and the aggravated KORA violation scored as a person felony. On appeal, both Turner and the State agree that the aggravated KORA violation should have been scored as a nonperson felony. The KORA violation was not complete until after the law had changed in July 2016. L. 2016, ch. 97 § 4. That change required KORA violations to be scored as person or nonperson based on the score of the crime that triggered the registration requirement (here a nonperson felony). See K.S.A. 2016 Supp. 22-4903(c)(2); K.S.A. 2016 Supp. 21-5107(f). We vacate Turner's sentence and remand for resentencing. We move now to the KORA violation case.

In that case, the district court found Turner's criminal history to be F based on his drug conviction in the first case and one of his federal drug convictions. Both are scored as nonperson felonies. The district court did not count the second federal drug conviction in his criminal history, but rather considered it an element of the KORA violation.

To us, Turner repeats the argument he made to the district court that the court should have excluded both federal drug convictions from his criminal history score because both were elements of the KORA violation. The State disagrees, citing prior decisions by this court.

A brief review of the law is helpful here. The classification of an offense for criminal history purposes under K.S.A. 2016 Supp. 21-6810 requires interpretation of statutes, which is a question of law over which we have unlimited review. *State v.*

2

*Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015). All prior convictions must be counted in determining a defendant's criminal history score unless the convictions constitute an element of the present crime, enhance the severity level, or elevate the classification from a misdemeanor to a felony. K.S.A. 2016 Supp. 21-6810(d)(9); *State v. Kelly*, 298 Kan. 965, 976, 318 P.3d 987 (2014). In other words, the general rule is that all prior convictions are counted for criminal history purposes, unless the conviction must be excluded under one of the listed exceptions. The conviction that creates the need for registration under KORA is necessarily an element of the offense of failure to register and cannot be counted in determining the offender's criminal history score. *State v. Pottoroff*, 32 Kan. App. 2d 1161, Syl. ¶ 4, 96 P.3d 280 (2004).

But when a defendant has several prior convictions for crimes that require registration, *only one of the prior convictions* is necessarily an element of the offense of failure to register; the remaining convictions can be counted in computing the offender's criminal history score. In *State v. Deist*, 44 Kan. App. 2d 655, 655-56, 239 P.3d 896 (2010), Deist pled no contest to one count of failure to register as a sex offender. He had two prior convictions for aggravated indecent liberties with a child for which he was required to register as a sex offender. The district court counted one of the prior convictions as an element of the current offense and the other toward his criminal history. Like here, Deist argued on appeal that because both convictions required him to register as a sex offender, both were elements of the current offense and should have been excluded from his criminal history. This court disagreed. It reasoned that under the plain language of KORA, only one prior conviction of a sexually violent crime was necessary to categorize the defendant as an "offender" and thereby creates a duty to register. Accordingly, only one of Deist's prior convictions was an element of failing to register, and his other conviction was properly counted in calculating his criminal history score.

While Turner argues that *Deist* was wrongly decided, other panels of our court have reached the same conclusion as the *Deist* panel. See *State v. Henderson*, No.

3

114,477, 2016 WL 4498853, at *3 (Kan. App. 2016); *State v. Haskell*, No. 107,592, 2012 WL 5519220, at *2-3 (Kan. App. 2012).

Another panel of our court used the similar reasoning in *State v. Williams*, 47 Kan. App. 2d 102, 102-03, 272 P.3d 1282 (2012), holding that where "three or more" felony-theft convictions were needed to trigger an enhancement of the defendant's sentence to presumptive imprisonment, the defendant's fourth prior felony-theft conviction could be counted for criminal history purposes. The court commented that Kansas' sentencing statutes "show an overall purpose to count all convictions when determining criminal-history scores, subject to the exception that convictions used in some other way—such as by enhancing the sentence—are 'used up' and may not be counted again." 47 Kan. App. 2d at 108.

We agree with the reasoning found in all of those cases. Only one of Turner's prior federal drug convictions was needed to trigger the offender registration requirement under K.S.A. 2016 Supp. 22-4903. Therefore, the second federal conviction was properly counted in his criminal history.

Turner argues both convictions are material in determining the scope of his registration requirements because with only one prior federal drug conviction he would have been required to register for 15 years under K.S.A. 2016 Supp. 22-4906(a), but with two prior federal drug convictions, he was required to register for life under K.S.A. 2016 Supp. 22-4906(c). This fact does distinguish Turner's case from *Deist*. But both of Turner's federal drug convictions occurred in 2009. Less than 15 years have passed. For now, either one of the convictions independently fulfill the elemental requirements of Turner's crime of failure to register. That means only one federal drug conviction was necessarily used up and may not be counted again.

Turner also argues that both federal drug convictions must be elements because they were both listed in the charging document. Charging documents often allege more than one way in which a crime was committed. But while either federal drug conviction could be an element, the point of *Deist* and subsequent cases is that only those prior convictions necessarily used up in some other way are excluded from the criminal history calculation under the Kansas sentencing scheme.

We vacate the sentence in Turner's drug possession case and remand for resentencing with a correct criminal history. We affirm Turner's sentence in his KORA violation case.