NOT DESIGNATED FOR PUBLICATION

No. 123,520

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVONTAIR ALEXANDER JACKSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID B. DEBENHAM, judge. Opinion filed December 17, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.


PER CURIAM: Devontair Alexander Jackson appeals the trial court's calculation of his criminal history score. Jackson had two prior person felonies, either of which would require Jackson to register under the Kansas Offender Registration Act (KORA). When the trial court sentenced Jackson for failing to register under KORA, it counted one felony as an element of the offense and one felony as criminal history. Jackson argues that the trial court erred because the two previous felonies were part of the same act, and neither felony should count toward his criminal history. Because the trial court calculated Jackson's criminal history score correctly, we affirm.

1

FACTS

In 2013, Jackson was convicted of aggravated battery, in violation of K.S.A. 2013 Supp. 21-5413, and attempted aggravated robbery, in violation of K.S.A. 2013 Supp. 21-5301 and K.S.A. 2013 Supp. 21-5420. Either of these crimes would require him to register.

In 2018, the State charged Jackson with failing to register under KORA, in violation of K.S.A. 2018 Supp. 22-4903.

In 2020, Jackson pleaded guilty to failing to register under KORA and the trial court scheduled a sentencing hearing.

Before sentencing, Jackson objected to his criminal history score of D, arguing that a score of I was correct. Jackson noted that the felony creating the duty to register under KORA is an element of the offense of failing to register. Because that previous conviction is an element of the current crime, it cannot be included in the offender's criminal history score. Jackson also noted that KORA provides that "'convictions or adjudications which result from or are connected with the same act, or result from crimes committed at the same time, shall be counted for the purpose of this section as one conviction or adjudication[.]' K.S.A. 22-4902(g)." Jackson referred to this as "the 'one conviction' rule." Combining these rules together, Jackson argued that KORA counts crimes committed at the same time as one crime and this one crime cannot count toward his criminal history score.

At sentencing, the State agreed with Jackson's argument. The trial court did not agree. The trial court continued sentencing to allow the State to respond to Jackson's motion to amend his criminal history score.

The State did not respond because it agreed with Jackson, maintaining the position that both crimes in his 2013 case could not count toward his criminal history score. The trial court disagreed. It ruled that one of the 2013 crimes could not count as criminal history because it was an element of the registration offense, but the other crime in the 2013 case counted toward Jackson's criminal history score. The trial court ruled that Jackson had a D criminal history score. It sentenced Jackson to 24 months in prison, followed by 24 months' postrelease supervision.

Jackson timely appeals.

ANALYSIS

Jackson argues that the trial court erred by counting his two crimes separately rather than classify them as one conviction supporting a KORA violation. The State argues that KORA's registration requirement is separate from criminal history score calculations and the one conviction rule does not apply. Because the trial court correctly excluded one crime requiring registration from Jackson's criminal history score, we affirm.

Jackson challenges the trial court's interpretation of KORA and the revised Kansas Sentencing Guidelines Act (KSGA). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

Jackson argues that the trial court erred in including one of his convictions in his criminal history score because both convictions are an element of the crime of failure to register under KORA. Jackson points to this court's holding in *State v. Pottoroff*, 32 Kan. App. 2d 1161, 96 P.3d 280 (2004). The *Pottoroff* court held that "the conviction that created the need for registration under the scheme is necessarily an element of the offense

of failure to register and cannot be counted in determining criminal history score." 32 Kan. App. 2d at 1166-67. But Pottoroff only committed one crime requiring registration and that crime could not count toward his criminal history score because it was an element of failing to register. Here, Jackson committed two crimes requiring registration and the trial court ruled that one of them could not count toward his criminal history because it was an element of failing to register. But the trial court held that the other crime was part of Jackson's criminal history.

Jackson acknowledges that this court has upheld this type of criminal history score calculation in *State v. Deist*, 44 Kan. App. 2d 655, 239 P.3d 896 (2010). Tharin Deist had two prior convictions for aggravated indecent liberties with a child. When Deist pleaded no contest to failure to register as a sex offender, the trial court did not use one of his previous convictions in his criminal history score because it served as an element of his failure to register. But the trial court included his other prior conviction in his criminal history score because only one conviction created a duty to register, leaving the other conviction as part of his criminal history. This court affirmed the trial court's criminal history score calculation. 44 Kan. App. 2d at 660. Jackson distinguishes his case from *Deist*. Jackson argues that his previous crimes were part of a single act or event and therefore both crimes should be excluded from his criminal history score.

Jackson's argument is unpersuasive because he takes a concept stated in KORA and tries to import it into the KSGA. He correctly states that KORA combines more than one crime if the crimes are all part of the same act or event. But he incorrectly assumes that this part of KORA would impact his criminal history score under the KSGA.

KORA lists offenses which require an offender to register. K.S.A. 2018 Supp. 22-4906. KORA applies different registration requirements depending on the number of convictions of the listed offenses. K.S.A. 2018 Supp. 22-4906(a)(1) requires that offenders register for 15 years if they have been convicted of one of the listed offenses.

4

K.S.A. 2018 Supp. 22-4906(c) requires that offenders convicted of a second such offense must instead register for life. It is readily apparent that the Legislature intended offenders convicted of two such offenses to register for life, but not offenders convicted of a single offense.

The Legislature also makes plain its intent to require two separate acts, not just offenses, for lifetime registration. K.S.A. 2018 Supp. 22-4902(g) states: "Convictions or adjudications which result from or are connected with the same act, or result from crimes committed at the same time, shall be counted for the purpose of this section as one conviction or adjudication." Because of this subsection, Jackson's convictions for aggravated battery and attempted aggravated robbery are part of the same act and he must register under KORA for 15 years. Without K.S.A. 2018 Supp. 22-4902(g), Jackson's two convictions for crimes requiring registration could lead to mandatory lifetime registration. But the phrase "for the purpose of this section" shows that K.S.A. 2018 Supp. 22-4902(g) applies within KORA.

Jackson argues that this concept within KORA, treating two convictions as one if they are part of a single act, should also apply to his criminal history score. He correctly argues that *Deist* and the cases following *Deist* did not consider the one conviction rule. See *State v. Turner*, No. 119,211, 2019 WL 2237242 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019); *State v. Henderson*, No. 114,477, 2016 WL 4498853 (Kan. App. 2016) (unpublished opinion); *State v. Haskell*, No. 107,592, 2012 WL 5519220 (Kan. App. 2012) (unpublished opinion). Similarly, the State provides no support for its position that the one conviction rule cannot apply to criminal history scores. Neither our Supreme Court nor earlier opinions of this court have provided guidance directly on point. But Jackson argues that a specific statute controls over a general statute, characterizing the KSGA as general and KORA as specific.

The KSGA requires the trial court to consider each conviction. "Except as otherwise provided, all convictions, whether sentenced consecutively or concurrently, shall be counted separately in the offender's criminal history." K.S.A. 2018 Supp. 21-6810(c). "All prior adult felony convictions, including expungements, will be considered and scored." K.S.A. 2018 Supp. 21-6810(d)(2).

Jackson contends that the KSGA's requirement to count all convictions is general, but the KORA requirement to lump crimes together if they are connected to a single act is specific. But neither statute refers to the other. The plain language of K.S.A. 2018 Supp. 22-4902(g) instructs courts to count convictions together if they are connected with the same act only for purposes of registration, not for calculating criminal history scores. K.S.A. 2018 Supp. 22-4902(g) has no language related to criminal history scores. Jackson's argument that KORA is more specific than the KSGA does not reflect the statutory language. The KSGA and KORA are equally specific but apply to different aspects of criminal offenses and are nonoverlapping magisteria. The trial court correctly declined to read into the statute language which is not present.

Further, Jackson fails to distinguish his own case from *Deist*. He states that the crimes in his 2013 case arose out of the same event and occurred at the same time. Although the State does not dispute this assertion, nothing in the record allows us to confirm that his two convictions arose out of the same event. The presentence investigation (PSI) report simply lists them under the same case number. The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017); see also *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018) ("The burden is on the party making a claim of error to designate facts in the record to support that claim; without such a record, the claim of error fails.").

But if we were to accept Jackson's assertion as true, it would still not distinguish his case from *Deist*. In *Deist*, the PSI report listed the aggravated indecent liberties with a child offenses as entry 1 (not scored) and entry 2 (scored) in case No. 97CR596 for criminal history. 44 Kan. App. 2d at 655-56. Nothing in *Deist* clarifies whether these two convictions were connected to the same act or occurred at approximately the same time. Without citation, Jackson seems to assume that *Deist* involved two separate acts, distinguishing it from Jackson's case of a single act involving two crimes. But Jackson does not adequately show that the two cases differ or that their outcomes should differ. In both cases, two convictions are listed under the same case number, with nothing in the record showing whether the crimes occurred at the same time or as part of the same act. We conclude that the trial court here correctly calculated the criminal history score using the same method as the trial court did in *Deist*.

For the preceding reasons, we affirm.

Affirmed.